<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY</u>

| | |
|---|---|
| Derene Derricotte, | |
|       Plaintiff, | CIVIL ACTION 06-cv-2792 (DRD) |
| v. | <u>OPINION</u> |
| South Orange/Maplewood Board of Education, | |
|       Defendant. | |

Appearances by:

Derene Derricotte
81 Hixon Place
South Orange, NJ 07079
    *Pro Se on behalf of minor child K.D. in IDEA complain*

Rita F. Barone, Esq.
PURCELL, RIES, SHANNON, MULCAHY & O'NEILL, ESQS.
One Pluckemin Way
P.O. Box 754
Bedminster, NJ 07921
    *Attorney for defendant, South Orange/Maplewood Board of Education*

**Debevoise, Senior District Judge**

    This matter comes before the court on a motion for summary judgment by defendant, South Orange/Maplewood Board of Education ("Board"), seeking to dismiss the complaint of plaintiff, Derene Derricotte ("Derricotte"), pursuant to Fed. R. Civ. Pro. R. 12(b)(3) and 12(b)(6). The Board claims that Derricotte is not appealing the settlement agreement, but that she is, in fact, attempting to introduce a new claim which must be processed according to the

administrative procedures. The Board asserts that Derricotte has failed to exhaust her administrative remedies for this new claim before filing with to this Court. In the alternative, should the Court not dismiss the complaint, the Board claims that Derricotte, a non-attorney, is prohibited from representing the substantive rights of her child in federal court. Derricotte opposes the motion.

Both Derricotte's Complaint, filed June 21, 2006, and Amended Complaint, filed July 28, 2006, allege that the Board breached the agreement that it reached with her on behalf of her child, K.D., when instructional strategies were not provided as agreed. As relief, Derricotte seeks compensatory education for K.D "to remediate three years of negligible service from the school district."[1] At oral argument, Ms. Derricotte asserts that, in addition to making a new claim, she is appealing the settlement agreement because it is not meeting K.D.'s educational needs in the manner in which it is being implemented by the school district.

The document entitled "Final Decision - Settlement - OAL Dkt. No. EDS 1992-06 - Agency Drt. No. 2006-10827," decided and signed March 24, 2006 by Judge Margaret M. Monaco, at page 2 advises that

> This decision is final pursuant to 20 U.S.C.A. § 1415(i)(1)(A) and 34 C.F.R. § 300.510 (2002) and is appealable by filing a complaint and bringing a civil action either in the Law Division of the Superior Court of New Jersey or in a district court of the United States. 20 U.S.C.A. § 14151(i)(2)[2]; 34 C.F.R. § 300.512

---

[1] See Derricotte Complaint at 1; see also Derricotte Amended Complaint at 2.

[2] 20 U.S.C.A. § 1415 provides in part:
(i) Administrative procedures
(A) In general
Any party aggrieved by the findings and decision made under subsection (f) or (k) of this section

(2002). If either party feels that this decision is not being fully implemented, this concern should be communicated in writing to the Director, Office of Special Education Programs.

Prior to July 2006, Derricotte contacted the Board to request enforcement of the agreement. Thereafter, on July 10, 2006, Derricotte also contacted the Office of Special Education Programs ("Office") to request enforcement of the agreement. The Office communicated with the Board and the Board reported to the Office that Derricotte had met with the Board's Director of Special Services and a Case Manager, resulting in the parties arriving at terms of an additional agreement.[3] The Board, however, contended that it had "fully complied with the terms of [the] earlier agreement. . . ."[4] Derricotte disagrees.

The wording of ALJ Monaco's opinion reads that concerns should be communicated in writing to the Director of the Office of Special Education Programs, but it does not specify that

---

who does not have the right to an appeal under subsection (g) of this section, and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.
(B) Limitation
The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action. . . .

[3]"It was agreed that K.D. would receive an Extended School Year Program, consisting of a reading program, through Lindamood Bell. Transportation will be provided. She will receive the 60 hours promised in our earlier agreement. Additionally, she is being provided with keyboarding software which she can install at home." See July 17, 2006 letter from Ellen Bass, Esq., counsel for South Orange-Maplewood School District to Joanne Boyle, Office of Special Education Programs.

[4]Id.

such communication must be filed prior to an appeal. Although it is unclear exactly when Derricotte communicated with the Office, she did so at least by July 10, 2006 as evidenced by Jeanne Boyle's July 11 letter to the Superintendent of the South Orange-Maplewood School District requesting documentation of the Board's compliance with the ALJ's order. On July 17, 2006, in-house counsel responded to Ms. Boyle stating that, although she believed "the district has fully complied with the terms of the earlier agreement," K.D. would receive an extended school year program, transportation, and the "60 hours promised in our earlier agreement."

The Court strongly encourages Derricotte to continue to utilize the appropriate administrative procedures to seek remedies for new claims and to continue to work with the Office to resolve her concerns about the school district's implementation of the settlement agreement.

Derricotte is attempting to proceed pro se on behalf of the minor child, K.D., but it is unclear exactly what Derricotte is seeking to appeal under 20 U.S.C.A. § 1415. The complaint states that Derricotte is appealing the settlement and the amended complaint prays for rescission of the settlement. In both complaints, Derricotte seeks as relief three years of compensatory education. Because the contents of pro se litigant pleadings are to be construed liberally,[5] the Court is unwilling, at this early stage of proceedings, to dismiss the complaint.

It is, however, well established by the Court of Appeals that the right to proceed pro se in federal court does not extend to a non-attorney parent seeking to represent his/her child in a federal court action which asserts claims against a school board under the Individuals with Disabilities Education Act ("IDEA"). According to the Court of Appeals, there are strong policy

---

[5]See L. Civ. R. 10.1[3] (2006 New Jersey Federal Practice Rules).

4

considerations against such representation and Congress did not clearly express an intent in the IDEA to change the common-law rule against such representation.  See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 231 (3d Cir. 1998).  In Collinsgru, the Court of Appeals adopted the rationale of the Eleventh Circuit in Devine v. Indian River County School Bd., 121 F.3d 576, 582 (1997) that in the absence of indication of intent by Congress, the court is "compelled to follow the usual rule - that parents who are not attorneys may not bring a pro se action on their child's behalf - because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents."

    Here, as in Collinsgru, the real party in interest is the child, not the parent.  Therefore, if Derricotte is seeking to enforce the substantive rights of the minor child, K.D., and not Derricotte's own procedural rights, she may not do so pro se on behalf of the child.   The child must be represented by an attorney.  As part of her letter brief in opposition, however, Derricotte requested that she be granted an extension in which to obtain legal representation for K.D. if she cannot proceed pro se on behalf of K.D.  To this end, the Court will grant an extension until November 27, 2006 to allow Derricotte time to obtain legal counsel to represent the interests of K.D. in this action.

    The Board's motion to dismiss is denied at this time.  The Court grants Derricotte an extension until November 27, 2006 to obtain legal representation for K.D.  If Derricotte is successful in obtaining legal representation for K.D., the attorney will be granted an additional 30 days to review the file and submit a new complaint or to request to amend the complaint already filed.  Derricotte is cautioned, however, that if she is not successful in retaining counsel for K.D. within the extension granted by the Court, K.D.'s claims will be dismissed without prejudice.

An appropriate order follows.

/s/ Dickinson R. Debeboise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: October 11, 2006